IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA      PLAINTIFF, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| J.E.S.V. INC. D/B/A PREMIER CLEANING SERVICE,      DEFENDANT. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, The Travelers Property Casualty Insurance Company of America ("Travelers Property"), files this Plaintiff's Original Complaint and would the show Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff The Travelers Property Casualty Insurance Company of America is an insurance company duly organized under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut.

2.  Defendant J.E.S.V. INC. d/b/a Premier Cleaning Services ("J.E.S.V.") is a corporation organized under the laws of the state of Texas whose registered office is located at 2156 West Northwest Highway, Ste. 311, Dallas, Texas 75220, and may be served with process by serving is registered agent for service of process, Elizabeth Vargas, at 2156 West Northwest Highway, Ste. 311, Dallas, Texas 75220.

3.  The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, in that there is diversity of citizenship between the parties.

4. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

5. Travelers Property issued to J.E.S.V. a Workers Compensation and Employer's Liability Policy No. 1J03721A-17-42-G for the policy period February 17, 2017 to February 17, 2018 (the "Travelers Property Policy").

6. Pursuant to the Policy between Travelers Property and J.E.S.V., J.E.S.V. agreed to pay to Travelers Property a premium for the Policy. Pursuant to the Policy between Travelers Property and J.E.S.V., J.E.S.V.'s premium may be based on estimates, subject to computation of a final actual premium when complete information about J.E.S.V.'s actual exposures was available.

## CAUSES OF ACTION

**COUNT I – BREACH OF CONTRACT**

7. Plaintiff Travelers Property repeats and realleges the allegations of Paragraphs 1 through 6 as though fully set forth herein.

8. Travelers Property has duly performed all the conditions of the Policy, on its part.

9. In accordance with the terms of the contract, Travelers Property conducted physical and estimated audits of J.E.S.V. which resulted in billings of $366,250.00 for the Travelers Property Policy.

10. Travelers Property has duly sent to J.E.S.V. invoices for the insurance premium thus due and owing under the Policy. J.E.S.V. has refused and neglected to pay the premium or any part thereof.

11. The Policy remained in full force and effect through the date of termination and Travelers Property fully performed all terms and conditions of the Policy and J.E.S.V. received the benefit thereof.

12. J.E.S.V. has thus materially breached the contract of insurance and has failed and neglected to perform the conditions of said contract on its part, in failing to pay to Travelers Property the sum due and owing for the premium under the Policy.

13. By reason of the foregoing, Travelers Property has been damaged in the amount of $366,250.00.

**COUNT II – QUANTUM MERUIT**

14. Plaintiff Travelers Property repeats and realleges the allegations of Paragraphs 1 through 13 as though more fully set forth herein.

15. From on or about February 17, 2017 through February 17, 2018 Travelers Property provided insurance coverage and other beneficial services to J.E.S.V. Said services, among others, included providing insurance coverage pursuant to Policy of insurance and handling and investigating claims.

16. J.E.S.V. has received the value of the insurance coverage thus provided and agreed to pay for same.

17. The reasonable value of the insurance coverage thus provided and not paid for is $366,250.00.

18. By virtue of the value of said insurance coverage, there is due to Travelers Property from J.E.S.V. the total sum of $366,250.00.

## ATTORNEY'S FEES

19.     Plaintiff is entitled to recover reasonable and necessary attorney fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 38 because this is a suit for breach of a written contract and services provided.  Plaintiff retained counsel, who presented Plaintiff's claim to Defendant. Defendant did not tender the amount owed within 30 days of when the claim was presented.

## CONDITIONS PRECEDENT

20.     All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

**WHEREFORE**, Plaintiff demands judgment against the defendant as follows:

1.      On the first count, compensatory damages in the amount of $366,250.00 with interest thereon;

2.      On the second count, compensatory damages in the amount of $366,250.00 with interest thereon;

3.      Awarding plaintiff attorney's fees, costs and disbursements of this action; and

4.      Awarding plaintiff such other, further, or different relief as to this court may seem just and proper.

Respectfully submitted,

/s/ *Steven T. Ramos*
STEVEN T. RAMOS
Texas Bar No. 00784812
AYIK & ASSOCIATES
1301 E. Collins Blvd., Suite 490
Richardson, TX  75081
Direct Dial:  214-570-6596
Facsimile: 214-570-6262
Email:  stramos@travelers.com

AND

/s/ *Thomas A. Marin*
Thomas  A. Martin, Esq.
New York Bar No. 1127711
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
 New York, NY 10175
Telephone:  212-682-8020
Facsimile:  212-682-9380
Email:  tmartin@putneylaw.com
*Pro Hac Vice* Application Submitted

ATTORNEYS FOR PLAINTIFF
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA